Cole, Ch. J.
The record in this case is a voluminous one, containing between three and four hundred pages, and yet there are in it but two questions presented and necessary for our determination. The court gave the following instruction, which was duly excepted to by the defendant: “ If you find from the evidence that defend *413 ant’s engine set the fire by which the plaintiff’s crops and other property were destroyed, then the presumption of the law is, that such fire was caused by the negligence of the defendant, and the burden of proof is on the defendant, to show that due care and caution had been exercised by the defendant; that he had employed the best appliances to prevent the setting and spreading of fire, and unless he has so proved and rebutted such presumption, then your verdict should be for the plaintiff.”
This instruction embodies in its strongest phase the doctrine that the mere fact of injury from fire, set by sparks emitted from the defendant’s engine, is prima facie evidence of negligence, and makes a case for the plaintiff. If this be so, then the law, as applied to this class of cases, is different from the law as applied to every other class of cases, resting upon the same principle. The gist of the action is negligence; without proof of this no action can be maintained; for it is a fundamental and universal principle of the law, that no liability to another can result from lawful and proper use of one’s own property. Radcliff’s Ex’rs. v. The Mayor, etc., 4 N. Y. 195, and authorities cited; Slatten v. The Des Moines Valley R. R. Co., 29 Iowa, 148. The plaintiff must aver negligence, and, of course, the burden of proving it is upon him; and as the mere fact of injury does not in any other case prove negligence or other wrong upon the defendant, so it does not in this.
But, as in the nature of the case, the plaintiff must labor under difficulties in making proof of the fact of negligence, and as that fact itself is always a relative one, it may be satisfactorily established by evidence of circumstances, bearing more or less directly upon the fact of negligence, which might not be satisfactory in other cases, free from difficulty and open to clearer proofs; and this, upon the general principles of evidence, which hold that to be sufficient or satisfactory which ordinarily satisfies an unprejudiced mind. 1 Greenl. on Ev., § 2. The absence *414 of a spark arrester; tbe failure to use the best; tbe employment of a drunken engineer; the use, at tbe time, of an excessive amount of steam; an extraordinarily heavy train; an unlawful rate of speed; .the defect or want of repair in tbe engine; tbe stopping of tbe engine or stirring the fire in it in a place of peculiar peril; tbe repeated and unusual dropping of coals or excessive and continued emission of sparks, etc., are severally facts tending more or less satisfactorily according to tbe circumstances to establish tbe fact of negligence. See 4th vol. West. Jurist, 338 and 429 (Oct. and Dec., 1870).
Not only was tbe instruction erroneous upon principle, but it is in conflict with tbe weight of authority. See Phila. and Read. R. Co. v. Yeiser, 8 Barr. (Penn. St.) 366; Hayett v. Phila. and Read. R. Co., 23 Penn. St. 373; Burroughs v. Housatonie R. Co., 15 Conn. 124; McCready v. South Car. R. Co., 2 Strobh. 356; Rood v. The N. Y. & Erie R. Co., 18 Barb. 80; Sheldon v. Hudson River R. Co., 29 id. 226; S. C., 14 N. Y. 218; Fero v. The Buffalo and St. Line R. Co., 22 id. 209 ; Field v. The N. Y. Cent. R. Co., 32 id. 339; The Macon and West. R. Co. v. McConnell, 27 Ga. 481; Smith v. Hannibal & St. Joe. R. Co., 37 Mo. 287.
As directly against these authorities, we have Hull v. The Sacramento Valley R. Co., 14 Cal. 387; The Ill. Cent. R. Co. v. Mills, 42 Ill. 407, and see also tbe following cases, which militate more or less against tbe authorities first above cited: Bass v. Chi., Bur. & Q. R. Co., 28 Ill. 9; Ellis v. Portsmouth, etc., R. Co., 2 Ired. (N. C.) 9, 138; Piggott v. Eastern Counties R. Co., 3 Man., Gr. & Scott; S. C., 54 E. C. L. 228. See also 4 West. Jurist, 333 and 429, supra, where tbe above and other cases are stated and reviewed. See also tbe Am. Law Review, vol. 5, p. 208, Jan. 1871. We bold, both upon principle and authority, that tbe instruction was erroneous.
After tbe plaintiff bad introduced testimony tending to *415 show that the fire was set by sparks emitted from one of the defendant’s engines, leaving it a little uncertain as to which, and had proved the extent of the fire and the damage to plaintiff, he rested. Thereupon the defendant introduced the testimony of its superintendents, master mechanics, boiler makers, engineers and others, tending to show, and with very great conclusiveness, that every engine run upon that division of the defendant’s road during the month of October, 1868 (that being the moiith in which the fire occurred), was in order and properly operated and provided with the best and most approved appliances for preventing the escape of sparks or the disposing of coals, and that the same were in order. The plaintiff then introduced one witness who testified to having examined the engine “ Chesapeake ” in the month of December, after the fire, and that its spark arrester was then out of order. A careful examination of the evidence has satisfied us that even applying the rule as embodied in the instruction above set out, the general verdict of the jury was so contrary to the evidence, as that it should have been set aside for that reason.
Reversed.