McCummons v. The Chicago & N. W. R'y Co.

| 33 | 187 |
| 118 | 642 |

| 33 | 187 |
| 119 | 613 |

Railroad: NEGLIGENCE. In an action against a railroad company for damages caused by fire, resulting from sparks emitted from the engine of a passing train, the *onus* is upon the plaintiff to prove negligence on the part of the company. Negligence on its part will not be presumed from the mere fact of injury. Following *Gandy v. The Chicago, R. I. & P. R. R. Co.*, 30 Iowa, 240.

*Appeal from Tama Circuit Court.*

WEDNESDAY, FEBRUARY 21.

THIS action is brought to recover for the destruction of plaintiff's property by fire escaping from defendant's engine, through the alleged negligence of defendant and its employees. Trial by jury; verdict and judgment for plaintiff. Defendant appeals.

*N. M. Hubbard* and *E. S. Bailey* for the appellant.

No appearance for the appellee.

MILLER, J. — It is specifically alleged, in plaintiff's petition, that the "fire was set out, and plaintiff's property destroyed solely through the negligence of the defendant and its employees; that the engine was not carefully run by the defendant, but carelessly and imprudently, and without the necessary and usual protection to guard against the escape of fire; that said engine was not so constructed and arranged and in such order as to prevent sparks and fire from passing therefrom; and that the employees of the defendant, in charge of said engine, wrongfully and unlawfully threw out from said engine pieces of burning wood," etc., by reason of which plaintiff's property was burned.

These averments are all denied in the defendant's answer.

McCummons v. The Chicago & N. W. R'y Co.

On the trial there was evidence tending to show that the fire escaped from an engine run and operated by the defendant at the time and place alleged in the petition, but no evidence of negligence was given. Upon this evidence the court, in the charge, instructed the jury as follows:

" Proof that the fire was set out by the defendant's engine makes a *prima facie* case of negligence against the defendant, and throws upon it the burden of proving that its engine, which caused the fire, was provided with the best appliances known to skill and science, to prevent the escape of fire, and that the same was operated in a careful and skillful manner."

The giving of this instruction is the principal error presented in argument, and the only one necessary to decide. It announces as a rule of law that the mere fact of setting out fire by an engine operated by appellant, is *prima facie* negligence entitling plaintiff to recover. This precise question was before this court in the case of *Gandy* v. *The Chicago & N. W. R'y Co. et al.*, 30 Iowa, 420, and it was held, after a full and careful examination of the question and the cases bearing thereon, that the instruction was erroneous on principle, and in conflict with the weight of authority; that the plaintiff must aver negligence; that the burden of proving it is upon him, and that *as the mere fact of injury does not in any other case prove negligence or other wrong upon the defendant, so it does not in a case like this.* See the opinion of COLE, C. J., in that case and authorities cited; see also *Indianapolis and Cincinnati R. R. Co.* v. *Paramore et al.*, 31 Ind. 147.

Following the case before cited, the judgment of the circuit court is

Reversed.