GARRETT v. THE CHICAGO & NORTH-WESTERN RAILWAY Co.  | 36 121
|118 642

1. **Railroad:** INJURIES RESULTING FROM SPARKS. The case of *Gandy* v. *The Chicago & N. W. R. R. Co.*, 30 Iowa, 420, holding that in an action against the company for injuries resulting from fire, the mere fact that the same was occasioned by sparks emitted from one of its engines, does not establish a *prima facie* case of negligence against the company, followed.

2. —— But, as in the nature of the case, the plaintiff must labor under difficulties in making proof of negligence, it may be established by circumstances, bearing more or less directly on the case, which might not be satisfactory in other cases free from such difficulty and open to clearer proofs.

3. —— NEGLIGENCE OF PLAINTIFF. In such case defendant asked the court to instruct, that if the plaintiff omitted to take certain precautions to prevent fire thus ignited from communicating with his property, then the same was negligence on his part. *Held,* that the instruction was properly refused, for the reason that it undertook to decide for the jury

that certain acts or omissions would constitute in this respect negligence on the part of the plaintiff. *The case of Kesee* v. *The Chicago & N. W. R. R. Co.*, distinguished and explained.

4. **Damages:** INTEREST: VERDICT. While the jury might include in their verdict interest on the assessment of damages from the date of the injury, it is not competent for the court to add the same to their verdict.

*Appeal from Marshall District Court.*

FRIDAY, JANUARY 25.

THIS action is brought to recover damages caused by fire alleged to have escaped from an engine on defendant's road through the negligence of defendant's employees in charge thereof, and through the insufficiency of the engine to prevent the escape of fire, whereby the dry grass and weeds on defendant's line of road took fire, and communicating with plaintiff's premises, her barn, shed and fences were destroyed. The cause was tried to a jury. Verdict and judgment for plaintiff. Defendant appeals.

*Henderson & Merriman* for the appellant.

*J. S. Frazier* and *J. A. McCall* for the appellee.

MILLER, J.—I. It is first insisted by appellant's counsel that there is no sufficient proof of negligence on the part of defendants.

In order to entitle the plaintiff to recover she must show, among other facts, that the injury complained of resulted from the negligence of the defendant. The burden of proof is upon her, and the mere fact that the fire was caused by the escape of sparks from defendant's engine does not make a *prima facie* case of negligence. *Gandy* v. *The C. & N. W. Ry. Co.*, 30 Iowa, 420. As was said in that case: "The plaintiff must aver negligence, and of course the burden of proving it is upon him; and as the mere fact of injury does not in any other case

1. RAILROAD: injuries from sparks.

prove negligence or other wrong upon the defendant, so it does not in this." As to the degree of proof necessary to establish the fact of negligence, the court in the same case say : "But, as in the nature of the case, the plaintiff must labor under difficulties in making proof of the fact of negligence, and as that fact itself is a relative one, it may be satisfactorily established by evidence of circumstances bearing more or less directly upon the fact of negligence, which might not be satisfactory in other cases free from difficulty and open to clearer proofs, and this upon the general principles of evidence, which hold that to be sufficient or satisfactory which ordinarily satisfies an unprejudiced mind." Upon a careful examination of the evidence on this point we are of opinion that the plaintiff's proof comes within the rule laid down in that case, and that the jury might reasonably find from the circumstances that there was negligence on the part of defendant. There is evidence tending to show that the engine from which the fire escaped was either in bad order or was unskillfully handled ; and although the evidence is somewhat conflicting, there is no such want of evidence as will warrant the appellate court in disturbing the verdict of the jury on this ground.

II. Appellant requested the court to give the jury the following instruction :

" Although the jury may believe from the evidence that the fire resulted from the defendant's negligence, yet if plaintiff's property was in an exposed position, as for instance situated on the prairie, or surrounded by dry grass, weeds, or hay, or ricks or stacks of hay, communicating with such dry grass, weeds, etc., or other combustible matter, and the plaintiff had taken no precautions to guard against the approach of fire to her property, then the plaintiff was guilty of negligence and cannot recover in this action," which the court refused to give, but gave the following :

3. — negligence of plaintiff.

" If the jury find from the evidence that the plaintiff was herself guilty of negligence in failing or omitting to do such acts as would have protected her property from fire, she cannot

recover in this action, even though defendant was guilty of negligence in the escape of the fire."

This ruling is complained of as erroneous. The court properly refused to give the instruction for the reason that it undertook to decide for the jury that certain acts or omissions would constitute negligence on the part of plaintiff. This was a question for the jury. Appellant claims in argument that this court has held, in *Kesee* v. *The C. & N. W. Ry. Co.*, 30 Iowa, 78, that the facts enumerated in the instruction refused constitute negligence in law. This is a misapprehension of what is decided in that case. That was an action for the negligent escape of fire from the defendant's engine, whereby plaintiff's hay stacks were burned, and it was held that "although the plaintiff had the right to stack his hay on the open prairie, and thereby only took the risk of accidents, and not of defendant's negligence, yet if by plowing around the stacks or otherwise protecting them he could have prevented the loss, *and to omit thus protecting them was negligence*, he could not, under the well-settled rule above stated, be entitled to recover."

The holding is that if the owner of property thus situated omits to plow around it, or otherwise protect it, *and if such omission be negligence*, he will not be entitled to recover for its destruction by fire set out through the negligence of the railroad company. It is not held that such omission *is negligence* either in law or fact. Whether it is or is not negligence is left as a question of fact for the jury.

This instruction which the court gave is in accord with *Kesee* v. *The C. & N. W. Railway Co.*, *supra*, stated as strongly in favor of the appellant as could be done consistently with that case.

There is error in the judgment rendered by the court below on the verdict of the jury. The judgment should have been for the amount of the verdict of the jury, without the addition thereto of interest from the date of the injury. While the jury in assessing damages might have included such interest in the sum returned by their verdict, the court could not add interest to the verdict.

4. DAMAGES: interest: verdict.

This excess appellee offered to remit prior to the taking of this appeal, and makes the same offer in this court. The judgment will, therefore, be reduced to the sum found by the jury, $429.50, with interest thereon at six per centum from the date of its rendition, and will be

Affirmed.