## THE STATE OF IOWA:

### DES MOINES, DECEMBER TERM, A. D. 1875.

IN THE THIRTIETH YEAR OF THE STATE.

PRESENT:

HON. WILLIAM E. MILLER, CHIEF JUSTICE.
" CHESTER C. COLE,  ⎫
" JAMES G. DAY,      ⎬ JUDGES.
" JOSEPH M. BECK,   ⎭

## McCORMICK v. THE C., R. I. & P. R. Co.

1. **Railroads**: DUTY TO FENCE. Where the fence inclosing a railway has been destroyed or become impaired, the company is held to reasonable diligence and care in rebuilding or repairing it.

2. ———: NEGLIGENCE. It is error to instruct the jury that the use of an excessive amount of steam or other facts connected with the operation of a train, constitute negligence *per se*. They are competent evidence in an action for damages for fires alleged to have been set by a locomotive, to determine whether or not the company has failed to exercise due diligence in the operation of its train.

*Appeal from Louisa Circuit Court.*

WEDNESDAY, SEPTEMBER 22.

ACTION to recover the value of certain hogs, killed by a train of cars upon defendant's road, and damages sustained from fire originating from a locomotive operated by defendant. There was a verdict and judgment for plaintiff; defendant appeals.

*Cook, Richman & Bruning,* for appellant.

I.   Section 1289 of the Code is intended to be limited to stock running at large. (*Smith v. C., R. I. & P. R. Co.,* 34 Iowa, 98.)   Where a person attempted to drive across a railway track, and without willfullness on the part of the owner or negligence on the part of the company the team was destroyed, the company was not chargeable, because the stock was not running at large. (*Id.*)

II.   A party by making proper allegations can maintain an action for trespass either to his title or possession.   But he cannot prove title by possession (except possession during the statutory limitation) in a case wherein he alleges title. (*Curtis v. Hunting,* 34 Iowa, 537; *Davis, Sawyer & Co. v. Strohm,* 17 Id., 422.)   An instruction which undertakes to decide for the jury that the failure to do certain acts for the prevention of fires along and adjacent to a railway constitutes negligence is erroneous. (*Garrett v. C. & N. W. R. Co.,* 36 Iowa, 121.)   At common law and in this state up to the time of the adoption of the Code of 1873, a railroad was not responsible for property destroyed by fire, set from a locomotive, provided there was no negligence on the part of the company. (*Burroughs v. Housatonic R. R.,* 15 Conn., 124.) The fact that fire did escape from an engine of the company does not make a *prima facie* case against it. (*Goudy v. C. & N. W. R. Co.,* 30 Iowa, 420.)

*Cloud & Broomhall,* for appellee.

Defendant is liable for the killing of plaintiff's stock.

(*Spence v. R. R.*, 25 Iowa, 139; *Hannon v. R. R.*, 28 Id., 491; *Fritz v. R. R.*, 34 Id., 337.) Plaintiff having alleged title and there being no adverse claim, oral evidence of title and possession was sufficient. (2 Greenl. on Ev., §§ 618 and 618a; *Hall v. Mayo*, 97 Mass., 419–20; *Terpenning v. Gallup*, 8 Iowa, 76.)

BECK, J.—I. There was evidence tending to show that defendant's railroad had been fenced, but the fence, three or four days prior to the killing of the hogs, had been destroyed by fire set by passing trains.

<span style="float:left">1. RAILROADS: duty to fence.</span>

The court instructed the jury that defendant was liable for the value of the hogs, if they were killed at a place where defendant had a right to fence its road, "unless the owner of the hogs willfully or wrongfully placed them on the track of the railroad." The rule as stated by the court would be unobjectionable, if applied to a case of failure to fence a railroad track. But the case before us is one wherein defendant is sought to be held liable for failure to keep in repair a fence built, or to rebuild a fence that has been destroyed. It is the duty of the railroad company to build proper fences as required by law. When this duty has been performed it is liable, in case of the destruction of the fence, for a failure to exercise reasonable and ordinary diligence and care in rebuilding it. Reasonable time must be allowed for performing the duty in this respect. *Perry v. Dubuque & S. W. R. Co.*, 36 Iowa, 102; *Aylsworth v. The Chicago, R. I. & P. R. Co.*, 30 Id., 459.

The instructions failed to present this rule to the jury; it was involved in one asked by defendant and ought, in a proper form, to have been given. The jury were, therefore, not fully and properly instructed upon a question of law arising in the case.

II. A portion of the damages claimed resulted from fires caused by defendant's engines, prior to the time the provisions upon that subject found in Code, § 1289, went into effect. Upon this branch of this case, the court instructed the jury as follows:

<span style="float:left">2. ———: negligence.</span>

"3d. Negligence in permitting fire to escape from a locomotive or a passing train may be shown by showing the absence of a spark arrester, the use of an excessive amount of steam, an extraordinarily heavy train, the stirring of the fire in the engine at a peculiar place of peril, the repeated and unusual dropping of coals, or excessive and continued emission of sparks, and also by the further fact that the railroad company neglected to remove combustible matter from the sides of its track."

The effect of this instruction is, that the facts and circumstances enumerated, or any one of them, as a matter of law, are sufficient to charge defendant with negligence. All or each of them may be considered by the jury for the purpose of determining whether proper care was exercised, but the acts or omissions enumerated, in themselves, would not be sufficient to charge defendant with negligence. It might not be negligence in defendant to draw "an extraordinary heavy train," or to omit the removal of "combustible matter from the sides of its track." If proper prudence and care does not forbid the one or require the other, defendant would not be charged with negligence. The jury were required to determine the question of negligence from the facts proved. *Garrett v. C. & N. W. R. Co.*, 36 Iowa, 121; *Kuse v. C. & N. W. R. Co.*, 30 Id., 78. The instruction is erroneous.

Other questions presented in this case need not be considered as, for the errors pointed out, the judgment of the Circuit Court must be

REVERSED.