CASE v. THE CHICAGO, ROCK ISLAND & PACIFIC R'y CO.

1. **Negligence**: DEFECTIVE STRUCTURE: KNOWLEDGE OF OWNER: BURDEN OF PROOF. Action to recover for a personal injury caused by a car-door falling upon plaintiff from one of defendant's freight trains, while it was passing along the street where plaintiff was standing. The court gave the jury the following instruction: "When the accident is one that ordinarily would not have happened had the defendant exercised ordinary care, proof of the accident and its attending circumstances raises a presumption of negligence on the part of the defendant, and the burden of proof is then cast upon it to rebut the presumption." *Held* that the case did not justify the instruction, but that it fell under the ordinary rule that, where the defendant is charged with negligence in the use of a structure which has become defective, it is incumbent upon the plaintiff to prove that the defect came to the knowledge of the defendant, or existed for such a length of time that knowledge should be presumed. See opinion for authorities sustaining the rule.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 22, 1884.

ACTION for a personal injury. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendant appeals.

*Wright, Cummins & Wright*, for appellant.

*Baylies & Baylies*, for appellee.

ADAMS, J.—The injury occurred by reason of a car-door falling upon the plaintiff while he was standing upon a street in the city of Des Moines, near where the defendant's freight train, containing the car, was passing. As to how the door happened to fall, there is no direct evidence whatever. It is manifest that the fastenings had become insufficient, and this probably occurred by reason of wear, or strain, or breakage, but farther than that it is impossible to make any inference.

The court gave an instruction in these words: "When

the accident is one that ordinarily would not have happened had the defendant exercised ordinary care, proof of the accident and its attending circumstances raises a presumption of negligence on the part of the defendant, and the burden of proof is then cast upon it to rebut the presumption." The giving of this instruction is assigned as error.

The instruction, we think, cannot be approved. The case, so far as we can see, is an ordinary one, and falls under the ordinary rule that, where the defendant is charged with negligence in the use of a structure which has become defective, it is incumbent on the plaintiff to prove that the defect came to the knowledge of the defendant, or existed for such a length of time that knowledge should be presumed. *Gandy v. C. & N. W. R. Co.*, 30 Iowa, 420; *McCummons v. C. & N. W. R. Co.*, 33 Iowa, 187; *Aylesworth v. C., R. I. & P. R. Co.*, 30 Iowa, 459; *Perry v. Railroad Co.*, 36 Iowa, 102; *Davis v. C., R. I. & P. R. Co.*, 40 Iowa, 292; *McCormick v. C., R. I. & P. R. Co.*, 41 Iowa, 193; *Losee v. Buchanan*, 51 N. Y., 476; *Garrison v. The Mayor, etc.*, 5 Bosw., 497; *Hall v. Manchester*, 40 N. H., 410; *Hart v. Brooklyn*, 36 Barb., 226. Thompson on Negligence, 1227.

The plaintiff relies upon cases which either involved a contract relation, or danger which was so imminent as to call for unremitting attention, as where a heavy body is raised or lowered over a public way.

The danger of a car-door falling upon a bystander was certainly not of this character; nor would it be practicable for a railroad company to give unremitting attention to the condition of every car owned by it or drawn into its service. The company may be allowed a little time to discover defects.

Possibly the plaintiff would concede that this is so. His contention is, as we understand, that the instruction given is not inconsistent with such rule. Our attention is called to the fact that such instruction does not hold that proof of the accident alone raises, in such case, a presump-

tion of negligence, but that proof of the accident and of *attending circumstances* does.

In regard to this, we have to say that it cannot properly be held that attending circumstances, abstractly considered, constitute presumptive evidence of negligence. While there are attending circumstances in every case, they are not always such as to constitute presumptive evidence of negligence, and were not, so far as we can see, in the case at bar.

The plaintiff insists upon the circumstance that the defendant's train, including the defective car, was in motion, and passed on its route to its destination, and he was not allowed to inspect it, nor have it inspected by persons whom, he could call as witnesses.

It is possible, of course, that an inspection of the car might have revealed a long-standing defect, but we cannot presume that it would, nor do we see any conduct on the part of the company, or any one representing it in the control of the train, that could be construed into an attempt to conceal evidence. It is not shown that the fact of the accident came to the knowledge of the conductor of the train, or any one except a brakeman. The plaintiff walked away, and it does not appear that at that time the accident was regarded as serious, even by the plaintiff himself.

Some other questions are discussed, but, in the view which we have taken of the case, they cannot, we think, arise upon another trial.

REVERSED.