RUDOLPH J. ALLEN, Appellee, v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

**Negligence:** PLEADING: INSTRUCTION. Where the only negligence
1 charged was want of care on the part of the engineer in failing to observe an order and in running his train at such speed as to make a sudden stop necessary, and the evidence showed that a sudden stoppage of the train was justified by the emergency, an instruction that for plaintiff to recover he must establish by a preponderance of evidence that while in the discharge of his duties as brakeman he was thrown from the train and injured, without fault on his part, by the negligence of the engineer in making a violent stoppage of the train, was error.

**Negligence:** EVIDENCE. In an action for injury to a brakeman, the evidence is considered and held insufficient to support a submission on the theory that the engineer was negligent in suddenly stopping his train.

*Appeal from Fayette District Court.*— HON. A. N. HOBSON, Judge.

SATURDAY, DECEMBER 17, 1904.

ACTION to recover damages for a personal injury. At the time of the accident of which he complains, plaintiff was in the employ of defendant in the capacity of head brakeman on a freight train. The train was composed of an engine and fifteen cars, and was running as an extra between Jackson Junction and Calmar. At Jackson Junction the conductor and engineer of the train received orders to look out for a work train on the track between the junction and Ft. Atkinson, the next station. The petition was in two counts. The substance of the allegations of the first count respecting the happening of the accident and the negligence out of which the same arose are as follows: That when near Ft. Atkinson the train came suddenly upon a work train, consisting of an engine, several cars, and a pile driver, standing upon the track; that upon coming in view of such obstruction the engineer gave the whistle signal for brakes, to which plaintiff, who was riding in the cab of the engine, at once responded; and that, "while thus acting, plaintiff's co-employés on said train, in their efforts to stop the same and thus prevent a collision with the said obstruction, caused an unusual lurch or jar of said train," whereby he was forcibly thrown from the car upon which he was attempting to set brakes, and injured. Further, it is said that the defendant was negligent, causing his injury, for that the engineer of the train, having been advised of the existence of said work train on the track, and having been ordered to "pro-

tect yourself against work train," failed to notify plaintiff of said order, as it was his duty to do, and

Did run and operate his engine and train   *   *   *   without protecting himself or train against said obstruction, and did negligently and without care on his part, and in violation of said order, run and operate said train around a curve and through the timber down a steep grade where the view was obscure without protecting the same, as by said order he was directed, against said obstruction; and did negligently run and operate said train to a point in such close proximity to said obstruction that he deemed it necessary to and did call for brakes, and plaintiff's co-employés did make a violent stoppage of said train, and caused a sudden and unusual jerk and lurch of the same, all in violation of said order and instruction; and did thereby, by said negligent acts, cause the injuries to plaintiff herein complained of; whereas, had the engineer obeyed the said order, *   *   *   the said sudden stoppage of said train would not have been necessary, and plaintiff would have received no injury therefrom.

In the second count, the circumstances of the accident are alleged, and negligence is charged in that " the employés of the defendant engaged in operating said ' pile driver ' and work train were negligent and careless in failing to flag the extra train and the employés thereon, on which plaintiff was employed, of the presence and locality of said work train upon the defendant's track, as they were required to do under the rules of the defendant and the customs and practices in vogue upon the defendant's railway." The answer makes general denial, and pleads an assumption of the risk. From a verdict and judgment in favor of plaintiff, the defendant appeals. — *Reversed.*

*H. H. Field, J. C. Cook, H. Loomis,* and *H. P. Hancock,* for appellant.

*Albrook & Lundy* and *Rickel, Crocker & Tourtellot,* for appellee.

BISHOP, J.— In submitting the case to the jury under the first count of the petition, the court gave but one instruction having relation to the charge of negligence, and that was upon its own motion, and as follows: " In order for plaintiff to recover, it is necessary for him to establish by a preponderance of the evidence before you that while in the discharge of his duties as brakeman he was, by the negligence of the engineer in making a violent stoppage of the train in such a manner as to cause an unusual jerk or lurch, whereby the plaintiff was thrown from the train and received injuries complained of, without fault or negligence on his part." Appellant contends for error in respect of the instruction thus given — and it is the argument that the charge of negligence as contained in the petition is addressed solely to the want of care on the part of the engineer in failing to observe the order given him, and in running the train at such a rate of speed as to make a sudden stop necessary — that it is not charged that the act of stopping the train, considered by itself, was negligent; and, further, that the case as made by the evidence for plaintiff shows conclusively that the sudden stoppage of the train was justified by the exigencies of the situation, and the act did not therefore involve negligence.

1. NEGLIGENCE: pleading; instruction.

A careful reading of the petition makes it clear that the contention of the appellant should be sustained. It will be observed that the acts of commission relied upon to constitute negligence are charged in one sentence of the petition, and it is apparent that the thought of the pleader was that, without care and in disobedience of the order under which he was proceeding, the engineer had run his train to a point where it became necessary for him to make use of extraordinary and violent measures to stop his train and thus avoid a collision; whereas, and in the language of the petition, had he obeyed the order given him, the sudden stoppage of the train would not have been necessary. That the situation, as given expression to in the pleading, makes out a

case of negligence, does not seem open to question. There
is but a single charge of negligence, however; that is to say,
the improper operation of the train, and the sudden stoppage
thereof, are to be taken as component parts of one breach or
failure of duty.   This must be so because, in the first place,
the manner in which the train was operated, considered by
itself, was not negligence as to plaintiff.   In the second place,
the sudden stoppage of the train, also considered by itself —
and conceding the necessity of avoiding a collision — was
not negligence as to plaintiff.   Negligence can be predicated
only upon a failure to perform a duty owing to him who
sustains an injury by reason of such failure.   This is ele-
mentary.   Now, the operation of the train, although care-
less and in violation of orders, did not alone result in any
injury.   On the other hand, it ought not to require argu-
ment to make clear that, a collision being imminent, there
could be no failure of duty on the part of the engineer in
that he resorted to extreme measures to avoid such collision.
Quite to the contrary, we think such act would be in the strict
line of his duty.   Certainly, if the engineer had suddenly
and without warning come upon the work train, every obliga-
tion of duty would require at his hands that he use every
instrumentality provided for the purpose to effectuate a timely
stoppage of the train, even though a "sudden and unusual
jerk and lurch of the same" was occasioned thereby. · We
do not say that negligence might not be charged in such a
case, it being made to appear by allegation that improper
means were employed, or that proper means were improperly
employed, by the engineer.   But that is not this case.   Here
the allegation is, simply, that in the face of an impending
collision the engineer "deemed it necessary to and   *   *   *
did make a violent stoppage of the train."   The sudden stop-
page of a freight train, even though accompanied by a violent
or unusual jar, does not of itself constitute negligence, and,
in the case of an employé, the fact of an accident occasioned
by the operation of a train on which he is employed does not

give rise to a presumption of negligence.  *Whitsett v. Railway,* 67 Iowa, 157; *Kuhns v. Railway,* 70 Iowa, 561; *O'Connor v. Railway,* 83 Iowa, 105; *Case v. Railway,* 64 Iowa, 762.

Passing now the pleading, and looking into the evidence, the error of the instruction is made still more apparent.   The evidence for plaintiff tends directly to prove that the country

2. NEGLIGENCE: evidence.
through which the road ran was rough, and the track very crooked; that there were cuts, and snow fences, and timber along the line that obstructed the view; that for about a mile out of the junction it is an upgrade, and then the grade descends toward Ft. Atkinson; that as the train came down the grade it was running at the rate of about twenty miles an hour.   Plaintiff says that as the engine rounded a curve he discovered the work train on the track about forty rail lengths away, and called the attention of the engineer thereto.   The latter, he says, at once made application of the air to the brakes; that they failed to work apparently, for that the engineer then sounded the whistle signal for hand brakes, and this, he says, was not usual when the air was working and in order.   Plaintiff responded to the signal for brakes, and was in the act of climbing the ladder on the first car when the jolt or jerk came.   He attributed the shock to a reversal of the motion of the engine, although he says that an emergency application of the air to the brakes would have been equally severe in its results.   Whether or not the train could have been stopped in time to avoid a collision by the use of hand brakes, or a service application of air, is left in extreme doubt.   Plaintiff gives it as his opinion, founded upon many years of train service, that a stop would have required about a quarter of a mile.   The situation is not aided by the evidence on behalf of defendant, for that all tends to prove that the train was running about five miles an hour only, and was brought to a full stop within its length by a service application of the air brakes alone; that there was no unusual jar or jolt incident

to the stoppage.    We conclude that the case submitted to the jury was not the case made by the pleadings and the evidence introduced thereunder, and this was error.    It follows that a new trial should have been awarded, and the case will be remanded for that purpose.— *Reversed.*