### MONTBRIAND v. CHICAGO, ST. P., M. & O. RY. CO.

#### (Circuit Court, D. Minnesota, Fourth Division. October 11, 1911.)

MASTER AND SERVANT (§ 265*)—ACTION FOR INJURY TO SERVANT—PROOF OF NEGLIGENCE—DOCTRINE OF RES IPSA LOQUITUR.

The doctrine res ipsa loquitur is not applicable in actions by a servant against the master to recover for an injury on the ground of negligence, and evidence tending to show that plaintiff, a brakeman, was injured by reason of the failure of a brake on a car to work, does not establish actionable negligence on the part of the railroad company, but it must be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

further shown that the defect was known to defendant, or could have been known by proper inspection.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*

Application of doctrine of res ipsa loquitur in actions for injuries to servants, see note to Carnegie Steel Co. v. Byers, 82 C. C. A. 121.]

At Law. Action by Louis Montbriand against the Chicago, St. Paul, Minneapolis & Omaha Railway Company. A jury was duly impaneled and sworn, and the testimony on the part of the plaintiff was duly presented to them.

At the close of the testimony for the plaintiff, he having rested his case, counsel for defendant moved the court to direct the jury to return a verdict in favor of the defendant, on the ground that no actionable negligence had been shown against the defendant company, within the allegations of the complaint or at all.

Latham, Pidgeon & Larson, for plaintiff.
George W. Peterson, for defendant.

WILLARD, District Judge. I do not think that there is any evidence to show that the coupling was defective.

The mere fact that the engine did not couple onto the car I do not think is sufficient evidence to show a defective coupling. While in the case of a passenger there might be a presumption of negligence, there is no presumption in a case of this kind; the plaintiff being an employé. Is there any evidence that this defendant company knew anything about the condition of the brakes?

Mr. Latham. I think they are bound to know whether the cars are in proper order.

The Court. All that the evidence shows in this case is that an accident happened by the reason of the brake on the car not working, and the question is whether that furnishes any evidence upon which a jury would be justified in finding that the defendant was negligent.

Cases have been cited from the Minnesota reports which it is claimed support the contention that the evidence is sufficient.

The case of Johnson v. Walsh, 83 Minn. 74, 85 N. W. 910, was not a case of master and servant, so that case is not in point here.

The case of Olson v. Great Northern Railway Company, 68 Minn. 155, 71 N. W. 5, is one where it can be fairly said that the decision was based not upon the proposition that there was a defective brake—in fact, I think it is distinctly stated that the evidence was not sufficient to show that there was a defective brake—but it was based upon the proposition that some fellow servant of the plaintiff had failed to set the brake, or, having set the brake, had unloosened it.

In the case of Lehman v. Dwyer Plumbing & Heating Co., 104 Minn. 190, 116 N. W. 352, which is the last one cited by plaintiff, the court held that the plaintiff could not recover, for the reason that no evidence of negligence was shown. The court said in its

opinion at the bottom of page 192 of 104 Minn., at page 353 of 116 N. W.:

"It was the duty of the employer to use reasonable care to see that the employé was furnished with a reasonably safe furnace. This furnace was defective, and the defendant negligent, if the pet cock was in such a condition that it was liable to become loose without adequate cause in the progress of the work, and such condition was known to the stock clerk, Moncrief, or could have been known to him by proper inspection, before or at the time when he delivered the furnace to Wheeler."

I think that is the trouble with the plaintiff's case.

Here it is not shown that the defendant knew of the defective condition of this brake, nor is it shown that the car had been in the possession of the defendant long enough for it to have discovered the defective condition if it existed. It is not shown whether this defect which caused the brake to fail to operate was a defect which was latent, or one which was patent, or whether it could or could not have been discovered by inspection.

I do not think that under the Minnesota decisions the plaintiff can recover; but, even if the Minnesota decisions would allow the plaintiff to recover, such decisions would not be binding upon the federal court in a case of this character.

The case of Patton v. Illinois Central R. Co., 179 Fed. 530, was decided in the Circuit Court for the Western District of Kentucky. The syllabus is as follows:

"Where, in an action for injuries to a brakeman by the breaking of a ladder rung on the side of a car, there was no proof that defendant knew of the defect in time to have repaired it before the accident, or that its condition had lasted so long that it could have been discovered by defendant's use of reasonable care and prudent inspection, actionable negligence was not shown.

"Whether the doctrine res ipsa loquitur applies to an action for injuries to a servant by the breaking of a ladder rung on the side of a freight car is a question of general jurisprudence, and not of local law, as to which federal courts are governed by their own decisions and not by those of the state in which the court is sitting.

"In an action for injuries to a brakeman by the breaking of a ladder rung on the side of a freight car, the burden is on plaintiff to prove actionable negligence, and is not shifted to the defendant under the doctrine res ipsa loquitur by plaintiff's proof of the accident without evidence of defendant's actual or implied knowledge of the defect within a time sufficient to have enabled it to have repaired the same."

In that case, on page 533 of 179 Fed., the court said:

"Under some circumstances the fact of the injury itself may, under the doctrine referred to, so speak as to make out a prima facie case of negligence which calls for an explanation from the defendant, and in this way, in effect, shift the burden of proof to the defendant. It would be difficult, however, to find a case in the federal courts where the doctrine of res ipsa loquitur has been applied in a case between master and servant."

In the case of Texas & Pacific Railway v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136, the syllabus is as follows:

"A railway company is bound to use ordinary care to furnish safe machinery and appliances for the use of its employés, and the neglect of its agents in that regard is its neglect; and if injury happens to one of its employés by reason of the explosion of a boiler which was defective and unfit for use, and the defect and unfitness were known or by reasonable care might

have been known to the servants of the company whose duty it was to keep such machinery in repair, their negligence is imputable to the company; but, in an action against the company by the injured employé, the burden of proof is on the plaintiff to show that the exploded boiler and engine were improper appliances to be used on the railroad, and that the boiler exploded by reason of the particular defects insisted on by plaintiff."

In the case of Midland Valley R. Co. v. Fulgham, which is reported in 181 Fed. 91, 104 C. C. A. 151, and was decided in the Circuit Court of Appeals of this circuit, the opinion being delivered by Judge Sanborn, it is said in the syllabus:

"The happening of an accident which causes an injury to a servant raises no presumption of any negligence or wrongful act of his master. The doctrine of res ipsa loquitur is inapplicable to actions between employer and employé for injuries by negligence or wrongful act."

In this case the court said, on page 95 of 181 Fed., on page 155 of 104 C. C. A.:

"The happening of an accident which injures an employé raises no presumption of wrong or negligence by the employer. * * *

"Conjecture is an unsound and unjust foundation for a verdict. Juries may not legally guess the money or property of one litigant to another. Substantial evidence of the facts which constitute the cause of action, in this case of the alleged defect in the lift pin lever and the coupler, is indispensable to the maintenance of a verdict sustaining it."

The case of Missouri, K. & T. Ry. Co. v. Foreman, 174 Fed. 377, 98 C. C. A. 281, was also one decided by the Circuit Court of Appeals of this circuit, and is the case which I referred to, where the engine started of its own motion. The court held that that fact raised no presumption of negligence.

The case of Chicago & N. W. Ry. Co. v. O'Brien, 132 Fed. 593, 67 C. C. A. 421, was also a case decided by the Circuit Court of Appeals of this circuit. The opinion was delivered by Judge Hook, who said on page 596 of 132 Fed., on page 424 of 67 C. C. A.:

"And the presumption in the case before us is that due care was exercised by the company in respect of the condition of the engine, cars, and railroad track, and also that those in charge of the operation of the train performed their duty. No logical distinction can be made in the application of this presumption of performance of duty between the mechanical condition of the engine and cars on the one hand and the operation of the train upon the other. The burden of proof is upon him who asserts that the employer was negligent. This burden cannot be discharged by mere proof of the occurrence of the accident. To hold otherwise would be to ignore the well-established and long-settled difference between the rules which govern in passenger cases and those which apply when the relation is that of employer and employé. The doctrine res ipsa loquitur is not applicable in cases of the latter character.

"In Patton v. Texas & Pacific Railway Company, 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361, the court said: 'That while, in the case of a passenger, the fact of an accident carries with it a presumption of negligence on the part of the carrier—a presumption which, in the absence of some explanation or proof to the contrary, is sufficient to sustain a verdict against him, for there is prima facie a breach of his contract to carry safely—a different rule obtains as to an employé. The fact of an accident carries with it no presumption of negligence on the part of the employer, and it is an affirmative fact for the injured employé to establish that the employer has been guilty of negligence. That in the latter case it is not sufficient for the employé to

show that the employer may have been guilty of negligence; the evidence must point to the fact that he was. And where the testimony leaves the matter uncertain, and shows that any one of half a dozen things may have brought about the injury, for some of which the employer is responsible and for some of which he is not, it is not for the jury to guess between these half a dozen causes, and find that the negligence of the employer was the real cause, when there is no satisfactory foundation in the testimony for that conclusion.' "

The court then referred to the case of Texas & Pacific Ry. v. Barrett, from which I have already quoted, and continued:

"In O'Connor v. Railway Co., 83 Iowa, 105, 48 N. W. 1002, the court said that 'the mere happening of the derailment or the accident would not show negligence,' citing Baldwin v. Railway Co., 68 Iowa, 37, 25 N. W. 918; Case v. Railway Co., 64 Iowa, 762, 21 N. W. 30; Gandy v. Railway Co., 30 Iowa, 420, 6 Am. Rep. 682.

"In Bowen v. Railway Co., 95 Mo. 268, 8 S. W. 230, the court said: 'As between master and servant, the mere fact that an appliance proves to be defective, and the servant is injured, does not make out a prima facie case for the servant of negligence on the part of the master.' ".

That is almost this case.

"In Brymer v. Railway Co., 90 Cal. 497, 27 Pac. 371, an instruction was asked which embodied a clause that 'the mere fact that an accident occurred by which the plaintiff was injured does not fix the liability, or even raise a presumption that the defendant was at fault in providing machinery or appliances for the labor in which the plaintiff was engaged.' Its refusal was held to be sufficient cause for a new trial.

"In Huff v. Austin, 46 Ohio St. 386, 21 N. E. 864, 15 Am. St. Rep. 613, a steam boiler exploded, injuring an employé of the owner, and it was held that the mere happening of the accident was not evidence of negligence.

"In Wormell v. Railroad Co., 79 Me. 397. 10 Atl. 49, 1 Am. St. Rep. 321, the court said: 'There is no presumption of negligence on part of the defendant from the fact alone that an accident has happened, or that the plaintiff has received an injury while in the employment of the defendant.'

"In Mining Co. v. Kitts, 42 Mich. 41, 3 N. W. 240, an employé was injured by the fall of a bridge, the cause of which was unexplained. The court held that, while it might be guessed or surmised that there was negligence somewhere, it did not extend beyond conjecture, and that, if a master was to be held liable under such circumstances, the rule that an employé assumes the ordinary risks of his employment would be wholly done away with.

"In Baltimore Elevator Co. v. Neal, 65 Md. 438, 5 Atl. 338, the court said: 'The jury should not have been allowed to infer from the simple fact of the happening of the accident that there was negligence or unskillfulness on the part of the captain of the tug. That is justified by no decided case, and is in conflict with the well-established principle that it is incumbent upon the plaintiff in this class of cases to establish by affirmative proof that the injury received by him was caused by the negligent or unskillful act of the fellow servant.'

"In Brownfield v. Railway Co., 107 Iowa, 254, 77 N. W. 1038, it was held that the rule res ipsa loquitur did not apply to a case where a locomotive fireman was injured by the derailment of an engine on which he was riding caused by a broken axle.

"In Grant v. Railroad Co., 133 N. Y. 659, 31 N. E. 220, an employé of the railroad company was injured by a defective drawhead. The court said that it may have been broken on account of a latent defect beyond the reach of inspection, and added: 'Whether it did or not we do not know, and there is no evidence upon the subject. No facts are shown from which the cause of the accident can be more than guessed at. There is food for speculation or wonder, but there is no evidence as to the cause.'

"The same rule is announced in Hodges v. Kimball, 104 Fed. 745, 44 C. C. A. 193; Bowes v. Hopkins, 84 Fed. 767, 28 C. C. A. 524; Peirce v. Kile, 80

Fed. 865, 26 C. C. A. 201; Railway Co. v. Thompson, 70 Fed. 944, 71 Fed. 531, 17 C. C. A. 524; Whitcomb v. Railway Co., 125 Mich. 572, 84 N. W. 1072; Higgins v. Fanning, 195 Pa. 599, 46 Atl. 102; Redmond v. Lumber Co., 96 Mich. 545, 55 N. W. 1004; Railway Co. v. Cook's Adm'r, 73 S. W. 765, 24 Ky. Law Rep. 2152; Ouillette v. Overman Wheel Co., 162 Mass. 305, 38 N. E. 511; Railroad Company v. Kellogg, 55 Neb. 748, 76 N. W. 462."

This being a decision of the Circuit Court of Appeals of this circuit, and being binding upon this court, establishes the proposition that the plaintiff cannot recover in this action.

Mr. Latham. The case having reached the stage that it has reached, I would like to ask permission of the court to dismiss the case at this time.

The Court. Have you any objection to the dismissal of the case?

Mr. Peterson. Yes, sir; I object to the dismissal of the case, and ask a ruling of the court upon our motion.

The Court. I will allow you to dismiss the case. On motion of the plaintiff the case is dismissed.