CHARLES A. GRANNIS, Appellee, v. CHICAGO, ST. PAUL & KANSAS CITY RAILWAY COMPANY, Appellant.

1. **Railroads:** DUTY TO EMPLOYES: NEGLIGENCE: PERSONAL INJURY. Where the car-coupler employed by a railroad company on one of its freight cars was one not commonly used, and was not reasonably safe when used with such cars, and one employed as a "wiper," having no previous knowledge that such coupler was in

use, nor of its dangerous character, while attempting to make a coupling with such car was injured, *held*, that the "wiper" had a right to believe that the cars and appliances used by the company were reasonably safe, and that the company was negligent in not informing him of the dangers of the service and of the methods of avoiding it.

2. ——— : ——— : CONTRIBUTORY NEGLIGENCE : SCOPE OF EMPLOYMENT. An employe of a railroad company who is employed as a man of all work about a roundhouse, and is required to assist in taking engines in and out of the roundhouse, and who has not been specially instructed as to his duties, is not to be held chargeable with negligence upon uncertain and nice distinctions as to the limits of his employment, when in good faith he performs a service outside the line of his duty.

3. ——— : ——— : EVIDENCE. Evidence of the belief, expectation or purpose of a coemploye in charge of the engine, with which said coupling was made, as to the action of the employe making the coupling, of which the latter had no knowledge, is not admissible in an action to recover for injuries sustained in such service.

4. ——— : ——— : APPEAL : PRACTICE. The supreme court cannot determine objections to the correctness of a model of machinery introduced in evidence on the trial in the district court to illustrate certain questions at issue, when such model is not before it.

5. ——— : ——— : ——— : ———. The determination of the district court upon the question of the misbehavior of jurors on the trial of a cause cannot be reviewed on appeal when it appears that all the evidence upon that subject is not before the supreme court.

6. ——— : ——— : JURY : PRACTICE. Where a jury, upon coming into court with their general verdict, declared in open court that they could not answer a question submitted to them for their special finding, *held*, that the refusal of the court to require the jury to again retire, and return their statement as to said question in writing was not erroneous.

7. ——— : ——— : NEGLIGENCE : VERDICT. A verdict of five thousand dollars for the loss of a right hand by one employed as a "wiper" in the roundhouse of a railroad company is not excessive.

*Appeal from Chickasaw District Court.*—HON. L. E. FELLOWS, Judge.

MONDAY, OCTOBER 27, 1890.

ACTION to recover damages resulting from personal injuries received by plaintiff while an employe of defendant, and in the line of his duty, resulting from

defendant's negligence. There was a judgment on a verdict for plaintiff. The defendant appeals.

*Fouke & Lyon* and *Lusk & Bunn*, for appellant.

*Springer & Clary*, for appellee.

BECK, J.—I. The plaintiff was employed as a "wiper" in defendant's roundhouse at Elma. His duties were to clean engines "inside and out," assist in getting them in and out of the roundhouse, clean out cinder pits, load coal, and do general work. While assisting the "hostler," an employe whose duty it was to move engines when sent to the roundhouse, when assisting to take an engine to the cinder or ash pit preparatory to cleaning it, he attempted to couple it to a car standing in the ash-pit track, in order to remove it out of the way, and permit the engine to be taken to the ash pit. In attempting to make this coupling, his right wrist or arm was permanently injured, by being caught between the "goose-neck" of the tender, and the "dead-wood" of the car. These terms we understand designate the fixtures or parts of the respective cars which come in contact when coupling is done.

1. RAILROADS: duty to employes: negligence: personal injury.

II. Counsel for defendant insist, in more than one point and objection, that the verdict is without the support of the evidence, in that it fails to show negligence on the part of defendant. In our opinion there is evidence tending to prove that the coupling of cars when what is called a "stiff goose-neck" is used is more difficult and dangerous than if it were not used. It also appears that the act of coupling when a stiff goose-neck is used should be done by the use of an instrument called a "bar-coupler." The "goose-neck" was not commonly used with freight cars, and was not reasonably safe when used with such cars. The jury were authorized to find that plaintiff did not know before he attempted to make the coupling that the "goose-neck" was used, and had no information of the dangerous

character of a coupling when 'it is used; that he had never seen a coupling where it was used, and had not been instructed as to the dangers of the coupling, and how to make it when a "goose-neck" is used. Surely it was negligence on the part of defendant to require or permit plaintiff to perform the dangerous service of coupling when he was not apprised of its danger, and the method of avoiding it. He was authorized to believe that the cars and appliances used by defendant were reasonably safe, for the law requires it to use no other kind; and defendant was required to inform plaintiff of the dangers of the service, and the means of securing safety.

III. It is argued that the plaintiff was not in the line of his duty when the accident happened, and that he had voluntarily assumed to couple the cars, without being required to do so by his duty or the command of a superior. There can be no dispute upon the law involved in this point; but the jury were authorized to find that he was in the line of his duty, performing services expected of him when he was employed. The evidence shows that the other "wipers," employes, charged with the same duty resting upon him, coupled cars to the engine when they were sent to the roundhouse, and such services were required. According to the testimony of defendant's own witnesses, plaintiff was a man of all work about the roundhouse, and was required to assist in taking engines into and bringing them out of the roundhouse. Other wipers coupled cars, though it appears he had not attempted to do so before. Surely the plaintiff was authorized to believe that his duty required him to couple the car. When an employe is charged with such various duties as was plaintiff, and is not especially instructed as to his duties, the law will not, upon uncertain and nice distinctions, hold him negligent, when in good faith he performs a service outside the line of his duty. *Ferguson v. Central Iowa Ry. Co.*, 58 Iowa, 293. The instructions given to the jury which are complained of by defendant accord with

2. ——: ——:
contributory
negligence:
scope of em-
ployment.

these views; those refused do not. We think the court ruled rightly upon the giving and refusing of instructions.

IV. The employe who had charge of the engine when the accident happened was asked a number of

3. —: —: evidence.  questions as to his expectation, belief and purpose that defendant would or should make the coupling. Objections thereto were rightfully sustained. The belief, expectation or purpose of the witness, unknown to the plaintiff, was not a matter which could affect his rights.

V. Defendant complains because a model was brought before the jury which it is claimed is not correct.

4. —: —: appeal: practice.  It is impossible for us to say that it was not correct, or sufficiently correct to illustrate the description of the parts of the car represented by the model.

VI. Misbehavior of jurors while examining the "goose-neck" couplers while the trial was in progress

5. THE same.  is complained of by counsel. Without holding that the act was such misbehavior as would affect the verdict, we cannot regard the charge as established, for the reason that it does not appear that we have before us all the evidence introduced in the court below on the subject.

VII. The jury failed to answer a question. When the verdict came in, the defendant asked that the jury

6. —: —: jury: practice.  be sent out to answer this question. The jury in open court declared they could not answer it. The court rightly regarded this as a sufficient declaration of the jury's want of ability to answer the question, and refused to do the vain thing of requiring the jury to retire, and return with a written statement to the effect of the one they had made orally in court.

VIII. The verdict is for five thousand dollars. The jury were authorized to find that the injury deprived

7. —: —: negligence: verdict  plaintiff of the use of his right hand. Considering his age, ability to earn money before he was injured, and other matters,

we think the verdict is not excessive, as claimed by defendant's counsel.

These considerations dispose of all objections to the judgment urged upon our attention.    AFFIRMED.