WILLIAM BROWNFIELD, Appellant, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.

**Master and Servant:** NEGLIGENCE: *Burden of proof* In an action by a servant to recover for personal injuries, the burden is on the servant to prove the negligence which was the proximate cause of his injury.

SAME. *Res ipsa loquitur* does not apply to injuries received by a locomotive fireman riding on an engine which was derailed because of a broken axle.

Jury question. The question whether a locomotive fireman was jus tified in remaining on the engine because the engineer, after having his attention called to certain peculiar and unusual actions of the engine in running over the track, continued on his run, without giving the matter any serious attention, is for the jury.

Same. The question whether a locomotive fireman, in the exercise of ordinary care, should have appreciated the peril of remaining on the engine after it began to act in a strange and unusual manner in running on the track, the cause of which was unknown to him, is for the jury.

Same. The question whether the derailment of a train was due to a broken axle of the engine, is for the jury.

Expert testimony. In an action by a locomotive fireman to recover for injuries received through the derailing of his engine, which had a broken axle, expert testimony whether a broken axle might derail an engine is admissible.

Same. Expert testimony whether certain peculiar and unusual actions on the engine, to which the engineer's attention had been called before the accident, indicated a broken axle, is likewise admissible.

*Appeal from Washington District Court.*—Hon. A. R. Dewey, Judge.

Monday, January 23, 1899.

Action to recover damages for injuries caused by the alleged negligence of defendant. At the close of the evidence for plaintiff, under the court's instruction, the jury returned a verdict for defendant. From a judgment thereon plaintiff appeals.—*Reversed.*

*M. A. McCoid* and *J. F. Henderson* for appellant.

*Carroll Wright* and *Scofield & Scofield* for appellee.

Waterman, J.—Plaintiff was in the employ of defendant as a locomotive fireman, and had so been at different times for a number of years prior to his injury. At the time complained of, he was engaged on his engine, which was hauling a

freight train from Rock Island, Ill., over defendant's road, to Eldon, Iowa. The engineer had an order, on leaving Washington, which was an intermediate station, to run at a speed of thirty-five miles an hour to Brighton, thirteen miles west. Plaintiff knew of this order. Some little time after leaving Washington, plaintiff noticed that something was wrong with the engine. As he says, "it was jerking backward and forward in a strange way. It was jerking and twisting around, and riding rough. * * * It was knocking, hitting, or kicking, or something of that kind. * * * I hadn't seen her act that way before, nor anything like it." Plaintiff says that he thought this might have been caused by the slack wedge, between the engine and the tender, being out. He examined, and found this was not the cause. After this, a stop was made at Verdi, seven miles from Washington, but no examination was made, either by plaintiff or the engineer. After leaving this station, and when at the top of what is called "Verdi Hill," the strange action of the engine continuing, plaintiff asked the engineer "if he hadn't better stop the engine before he went down the hill," to which the latter responded, "No; when he got to Brighton, he would look the engine over." At the foot of the hill the engine left the track, and, in the general wreck that ensued, plaintiff was injured. After the accident, one of the drive wheels of the engine was found broken from its axle, and lying beside the track.

II.   The amended petition, upon which the case was tried, charges negligence in many particulars: in the construction of the engine, the failure to inspect it, the condition of the track, the rate of speed, and several other matters. The only evidence, however, related to some defect in the engine and to the conduct of the engineer in running the train after such defect was, or should have been known to him. Plaintiff, to make his case, proved the facts substantially as we have stated them, and rested. His contention is that the jury would have been justified in finding, from these facts, some one or more of

the many acts of negligence charged. Counsel state the rule for which they contend in these words: "In case of an accident to an employe, from collison, derailment, or latent defect in machinery, negligence is presumed, until the contrary is shown." This is the rule applied in passenger cases, but we had supposed it too well settled in this state to be the subject of serious controversy, that in any and all cases, the burden is upon an employe or servant to prove the negligence that is the proximate cause of his injury. *Baldwin v. Railroad Co.*, 68 Iowa, 37; *Case v. Railway Co.*, 64 Iowa, 762; *Kuhns v. Railway Co.,* 70 Iowa, 565; *Haden v. Railroad Co.,* 99 Iowa, 735. It is true that the happening of an accident to machinery may, under certain circumstances, raise a presumption that the machinery was in some way defective; but this is not enough to fix the liability of the master. It must be further shown, in order to hold him, that he had knowledge of such defect, or would have had such knowledge if he had exercised reasonable care and diligence. We may say, further, that the doctrine of *res ipsa loquitur,* for which plaintiff contends, is not confined wholly to cases of injuries to passengers by carriers, but is extended to cover some other exceptional circumstances. These are mentioned, in a general way, in *Case v. Railway Co., supra.* Just what facts will bring a case within the rule it is needless now to discuss. It is sufficient to say that the rule does not apply in a case of this character. But plaintiff does not wholly rely upon this rule. He claims that the peculiar action of the engine indicated that it was in some way defective, and that this fact was known to the engineer, whose knowledge will be imputed to defendant. In response to this, defendant says there is no showing that the defect in the engine, whatever it was, caused the accident. This leads us to a consideration of certain evidence offered by plaintiff, and which was ruled out by the court.

III. Plaintiff called three expert witnesses, to whom questions were propounded, which were objected to by defend-

ant. Practically, all of these objections were sustained. Without going into details, we will say that, in some instances, these rulings were correct; but, in so far as the questions sought to elicit an opinion as to whether the peculiar action of the engine indicated a broken axle, and whether a broken axle might have derailed the train, we think the testimony should have been received. Presumptively, this evidence, if taken, would have been favorable to plaintiff. The case would then have stood thus: There was evidence from which the jury could have found that the axle of the engine was broken before the train reached Verdi; that the engineer knew, or should have known, the fact, or, at least, that he knew or should have known that it was dangerous to proceed, with the engine acting as it did. So, too, it was particularly the province of the jury to say whether the broken axle was the proximate cause of the accident. *Ward v. Railway Co.*, 97 Iowa, 50.; *Laird v. Town of Otsego*, 90 Wis. 25 (62 N. W. Rep. 1042); *Potter v. Gas. Co.*, 183 Pa. St. 575 (39 Atl. Rep. 7). When a cause is shown which might produce an accident in a certain way, and an accident happens in that manner, it is a warrantable presumption, in the absence of showing of other cause, that the one known was the operative agency in bringing about the result. *Settle v. Railroad Co.*, 127 Mo. Sup. 336 (30 S. W. Rep. 125). We think the testimony mentioned should have been received, and if it proved favorable to plaintiff, it would have made a case for the jury.

IV. It is urged, however, as matter of defense, that plaintiff assumed all risk, and waived his right to recover, by remaining on the engine after he knew or should have known the danger in so doing. And it is thought the facts disclosed by plaintiff in making his case support this plea. Were we prepared to hold, under the circumstances of this case, that if plaintiff knew, before reaching Verdi, the danger of remaining at his post on the engine, he should have abandoned the train at that point, yet

we would have to say that, as here presented, the issue of
waiver should have gone to the jury. The engineer knew there
was some defect in the engine; yet he continued upon his run,
giving the matter no serious attention. Even if plaintiff sus-
pected danger, or feared grave consequences, surely he was
warranted in relying, to some extent, upon the superior knowl-
edge of the engineer. How far this would operate as an excuse
for his conduct in remaining on the engine was for the jury,
and not the court, to say. But, while the plaintiff knew that
the engine was acting strangely, the evidence tends to show
that he did not know the cause; and it does not appear that
he thought there was danger in continuing in the performance
of his duties. Whether, in the exercise of ordinary care, he
should have appreciated his peril, was a conclusion to be
drawn by the jury from all the evidence in the case. What we
say here has a bearing not only on the plea of assumption of
risk, but also on the issue of contributory negligence.

V.- The result we reach renders it unnecessary for us to
pass upon the correctness of the trial court's ruling in per-
mitting defendant, at the close of plaintiff's case, to file an
amendment setting up the assumption of risk by plaintiff.
We find no serious errors in the admission or rejection of testi-
mony, other than those mentioned. For the reasons given,
the judgment will be REVERSED.