HELEN METZRADT v. MODERN BROTHERHOOD OF AMERICA, Appellant.

Insurance: FALSE REPRESENTATIONS: *Evidence to establish.* In an action on a certificate of insurance, one of the defenses was breach of warranty, in that insured falsely represented that he had never had heart disease. The only evidence that he had ever had heart disease was that ten months prior to his application insured had an attack of la grippe, and, while ill, stated that he wanted to arrange his affairs, as he had heart trouble seriously, and might die at any time. At the time of his application defendant was examined by a medical examiner and declared a good risk, and his intimate friends testified that insured was not known to have any heart trouble. *Held*, that the evidence was not sufficient to establish a breach of warranty or fraud in that insured had heart disease prior to his application for insurance.

SHIFTING BURDEN OF PROOF. It is intimated though not determined that in an action on a certificate of insurance, in which suicide was set up as a defense, the verdict of the coroner's jury that deceased died by his own hand, though admissible in evidence, is not sufficient to shift the burden of proof on plaintiff.

SUICIDE: *Rebuttal of presumptions against.* In an action on a certificate of insurance one of the defenses was suicide. Defendant introduced in evidence the verdict of a coroner's jury that deceased died by his own hand. A letter from deceased to his wife was found in the room with him, which was read to the coroner's jury by having it read in German to the interpreter, who translated it to them. Several of the jurors testified that, as translated to them, it stated that it was the last letter his wife would get from him. The same letter was in evidence before the jury at the trial, but no such expression was found in it. *Held,* that the evidence was not sufficient to overcome the presumption against suicide.

VERDICT OF CORONER'S JURY: *Is admissible on the issue of suicide made by an insurer.*

Refusal to Strike Plea: HARMLESS ERROR. In an action on a certificate of insurance, defendant pleaded fraud and breach of warranty, in that insured falsely represented that he never had had heart disease; and plaintiff replied that defendant was estopped from such plea by the medical examination and his acceptance as a good risk. Defendant's motion to strike the plea of estoppel from the reply was denied, but defendant was permitted to put in all its evidence that the insured had heart disease when he applied for insurance. *Held,* that the denial of defendant's motion to strike out the plea of estoppel was harmless.

*Appeal from Louisa District Court.*—HON. W. S. WITHROW, Judge.

FRIDAY, DECEMBER 21, 1900.

PLAINTIFF, the beneficiary named in a certificate of insurance issued by the defendant on the life of Hans V. Metzradt, deceased, brings this action for judgment on said certificate, and for a decree requiring the defendant to make an assessment to pay the same. The defendant, in an amended and substituted answer, sets up the following defenses: "(1) Defendant alleges fraud in procuring the certificate, and breach of warranties contained in the certificate, in that in his application the deceased falsely represented and warranted that he had not, and never had, disease of the heart, while in fact he was at that time

and for some time prior suffering with disease of the heart. (2) That it was stipulated in said application and certificate that, if deceased should die by his own hands, whether sane or insane, then the certificate should be null and void; and that decedent did die by his own hands. (3) That prior to the commencement of this action plaintiff caused defendant to be notified that deceased died by his own hands, and furnished to defendant sworn statements and certificates and the verdict of a coroner's jury that deceased caused his own death by suicide; that thereby plaintiff led, caused, and permitted the defendant to believe that the deceased had committed suicide, and that, relying thereon, defendant incurred expense in preparing to defend this action; wherefore plaintiff is estopped from claiming that deceased did not die by his owns hands." Defendant attached a copy of the verdict of the coroner's jury finding that deceased "came to his death by his own hands, supposed to have taken chloroform while under temporary insanity." Plaintiff replied, in substance as follows: That upon deceased's making application for said certificate the defendant caused him to be examined by its examining physician, who after examination, declared the applicant a fit subject for insurance, and so reported . to the defendant, and that by reason thereof defendant is estopped from claiming that deceased was not in the condition of health stated by him in his said application. Plaintiff denies that deceased was suffering from any disease, or that he had been for some time prior to making said application, and denies that he made any false warranties or representations. Plaintiff denies that she caused the defendant to be notified that deceased died by his own hand, denies that she furnished the defendant sworn statements and certificates to that effect, and denies that she in any way misled defendant to its prejudice.

The defendant moved to strike that part of the reply setting up that deceased was examined by the defendant's examining physician, and reported a fit

subject for insurance, for the reason that the same is immaterial. This motion was overruled, and the defendant excepted. On trial had, judgment and decree were rendered for the plaintiff. Defendant appeals.—*Affirmed.*

*T. B. Hanley* and *Edred S. James* for appellant.

*C. A. Carpenter* and *H. O. Weaver* for appellee.

GIVEN, J.—I. We first inquire as to the defendant's motion to strike from the reply the plea of estoppel because of the medical examination and report by the defendant's examining physician. If section 1812 of the Code applies to this case, then clearly such examination and report operates as an estoppel, except as to fraud or deceit of the assured. Counsel discuss at length the question whether that section applies to this defendant, but, as we view the record, we need not pass upon that question. True, the court overruled the defendant's motion, and held "that it is competent for the defendant to plead and show a breach of warranty, or that fraud in any way entered into said contract, either by representations made or facts withheld at the time of said medical examination." On the trial, however, the defendant was permitted to introduce evidence tending to show that deceased had heart disease at the time he made his application. Defendant's counsel say that, but for the ruling on the motion, they might have introduced more evidence on that point. The door was open to them, and no reason appears why they did not introduce more evidence, if they had any such. We are in no doubt but that they introduced all the evidence on that subject at their command. They were allowed full latitude in their efforts to show a breach of warranty and fraud. Therefore the ruling on the motion, if erroneous, was without prejudice. The certificate sued upon was issued on the tenth day of December, 1897, and the death occurred

on the seventh day of April, 1898. In February, 1897, deceased had an attack of la grippe, and during his illness consulted with one Boden about his affairs. Boden testifies that deceased said he wanted to make over his property to his son "before anything certain should happen, because he said he had heart trouble seriously, and was liable to die at any time." This is the only evidence tending to show that deceased had heart trouble prior to the time the certificate was issued. This, it will be observed, was at a time when he was suffering with an illness from which he afterwards fully recovered. As against this we have the certificate of the medical examiner that deceased was a fit subject for insurance, and the testimony of a number of his most intimate friends that he was not known to have any ailment of the heart. We should not extend this opinion by setting out or discussing the evidence at length as to the questions involved. It is sufficient to say, as to the defense of fraud and breach of warranty, that we think the evidence fails to establish either.

II. We next inquire as to the defense of suicide, and first as to the admissibility of the verdict of the coroner's jury, and its effect. Plaintiff's counsel do not question its admissibility, and, in view of the purpose of the inquest and the manner in which it was required to be conducted, we think it is competent evidence on such an issue as this. As to its effect the defendant only claims that it is *prima facie* evidence of death by suicide. Under the rule announced in Greenleaf Evidence, section 556, this being a judicial inquest, it is admissible in evidence, but not conclusive against persons not actually parties to it. In *Insurance Co. v. Kielgast,* 129 Ill. Sup. 557 (22 N. E. Rep. 467, 6 L. R. A. 65), the question of the admissibility and the effect of such an inquest was very carefully considered, and it was held that such documents were admissible; the court saying: "We do not hold that such evidence is conclusive, but only that it is competent evidence

to be considered." See, also, *Pyle v. Pyle*, 158 Ill. Sup. 289 (41 N. E. Rep. 999) ; *Grand Lodge v. Wieting*, 168 Ill. Sup. 408 (48 N. E. Rep. 59). Giving to this verdict the effect claimed for it, and considering it in the light of the circumstances attending the death of the assured, we still think it is fully overcome by other evidence. Deceased was found dead in his bed at his own home, where he was staying alone, in the forenoon of April 7, 1898. On the table in the room were found two letters in his handwriting, in German, one of which was to his wife. This letter was in evidence before the coroner's jury, and was translated to them in this way. A Mrs. Freerrichs read it in German to her husband, and he translated it, as read by her, into English to the jury. Several of the jurors say, "As the letter was translated to us, he said that this would be the last letter his wife would get from him." The letter is in evidence in this case, and no such expression appears in it. The defendant questions the identity of the letter before us, but we are in no doubt but that it is the same found in the room and that was before the coroner's jury, and that this erroneous translation had much to do with influencing the verdict of that jury. On the question whether the deceased died by his own hand the evidence is somewhat voluminous, and the circumstances numerous. We are not warranted in extending this opinion by setting out the evidence, nor is it necessary that we do so. The presumption is against death by suicide, and the burden is upon the defendant to overcome this presumption, and to establish its defense of death by suicide. The defendant claims that by the verdict of the coroner's jury the presumption is overcome, and the burden of proving that the death was not by suicide rests upon the plaintiff. We have seen that this verdict is not conclusive, "but only that it is competent evidence to be considered"; but, if it should be said that the burden is shifted—a matter we do not determine—yet we think the plaintiff has so far overcome the inference arising:

from the circumstances indicating suicide and from the verdict as that upon all the evidence death by suicide is not established.

III. Appellant's motion to strike appellee's amended abstract for the reasons that it adds nothing and takes nothing from the original, does not deny the original, that it consists principally of questions and answers, and that the matters defendant presents are not necessary to a decision of the questions presented, is not well founded. In considering this case we have given close attention to these abstracts; and while there are some matters in the amended abstract that might have been omitted, and while the evidence given by questions and answers might have been curtailed, yet, upon the whole, it is a proper and necessary addition to defendant's abstracts. The motion is overruled, and for the reasons already stated the judgment of the district court is AFFIRMED.