HELEN S. MITTELSTADT, Appellant, v. MODERN WOODMEN
OF AMERICA, Appellee.

**Insurance:** SUICIDE: BURDEN OF PROOF: INSTRUCTION. The plaintiff
1  does not have the burden of proving that an insured did not
commit suicide, in an action upon an insurance certificate provid-
ing for nonliability in such cases; and the instructions in the in-
stant case that the finding of the coroner's jury, that insured
came to his death by a gun shot wound produced by his own
hand made a *prima facie* case of suicide, did not cast such
burden upon plaintiff, when considered in connection with other
portions of the charge to the effect that the jury should take
into consideration the presumption against suicide and all other
facts of the case bearing upon the question, and that upon
the whole case the burden was upon defendant as to this is-
sue.

**Same:** VERDICT OF CORONERS JURY: EVIDENCE. Conceding the admis-
2  sibility of the verdict of a coroner's jury that an insured commit-
ted suicide, it makes a *prima facie* case of the manner of his
death, when received in evidence in an action on his certificate
of insurance.

*Appeal from Fayette District Court.*—HON. A. N.
HOBSON, Judge.

SATURDAY, JUNE 5, 1909.

ACTION at law upon a benefit certificate issued by
defendant company. Defendant pleaded that the assured
committed suicide, and also that he warranted that none
of his family had been insane, and falsely and fraudu-
lently misstated the facts with reference thereto.   Trial
to a jury.   Verdict and judgment for defendant, and
plaintiff appeals.—*Affirmed.*

*Clements & Estey,* for appellant.

*Nelson, Duffy & Dennison* and *Ainsworth & Hughes,*
for appellee.

Deemer, J.—The benefit certificate issued by de-
fendant company provided that if the assured should
within three years after becoming a member die by his
own hand, whether sane or insane, all moneys which may
have been paid and all rights and benefits which may
have accrued on account of the certificate should be abso-
lutely forfeited, and the certificate should become null
and void.   It also provided that it was issued in con-
sideration of the warranties and agreements made by
the assured in his application, in addition to other con-
siderations.   It also provided that every statement in the
application should be held to be a warranty, and that, if
not literally true in each and every part, the certificate
should be void.   In his application for insurance, the as-
sured stated, in answer to a question propounded, that
none of his relatives had ever been afflicted with insanity.
Defendant as we have said, pleaded that the assured com-
mitted suicide, and also averred that the answer to the
question regarding insanity was false and untrue, and that
in truth and fact his mother had been afflicted with insanity.
Various matters were pleaded by plaintiff in reply to these
answers.   Among other things, it was asserted that the
clerk of the camp of which the assured became a member
had knowledge of his mother's insanity, and with knowl-
edge of that fact collected dues and assessments from the
member from the time of the issuance of the policy down
until his death.   On these issues the case was tried, re-
sulting in a verdict for defendant, and plaintiff appeals.

In answer to a special interrogatory, the jury found
that the assured died by his own hand from a gunshot
wound inflicted with suicidal intent.   In view of this
answer, we may eliminate the other issues in the case,
for the reason that, if that answer has sufficient support

in the testimony, it is enough to sustain the verdict, and errors, if any, committed with reference to other issues, were nonprejudicial in character. It is said that this finding has no support in the testimony. With reference to this claim, it is enough to say that we do not agree with counsel. At best, the manner in which the assured came to his death was a matter of surmise or conjecture; in other words, there was no eyewitness of the shooting. Perhaps it had better be said that the evidence as to how the assured came to his death was circumstantial in character, and the question peculiarly for a jury. With its finding under the evidence we should not interfere. Defendant was permitted to introduce in evidence the verdict of a coroner's jury which was impaneled and sworn shortly after the finding of the dead body of the assured. This verdict was to the effect that the deceased came to his death by a gunshot wound produced by his own hand. No objection was made to this testimony, and it is not contended on this appeal that it was inadmissible. We suppose that no objection was made, and no argument is now presented against the admissibility of this testimony because of the decision of this court in *Metzradt v. M. B. A.,* 112 Iowa, 522. We have no occasion, in view of this record, to consider the admissibility of the testimony.

The exact point made by appellant in this connection is that the court erred in its instructions with reference to the defense of suicide. We here copy the material instructions upon this proposition:

Par. 7. The burden of proof rests upon defendant to establish by a preponderance of the evidence before you that the said John E. Mittelstadt did not meet his death by accidental means, but it must go further and establish that said Mittelstadt died from the effects of a gunshot wound inflicted by his own hand. Par. 8. As bearing upon the question of whether John E. Mittelstadt did or did not commit suicide, you are instructed

that, in cases where it is attempted to show by circumstantial evidence that deceased committed suicide, the presumption of law is, in the absence of testimony to the contrary, that death was caused by accident, and not by suicide. This presumption has the effect of affirmative evidence, and, unless so negatived by the surrounding facts and circumstances as to leave room for no other reasonable hypothesis than that of suicide, such presumption of his death by accident will prevail, and your verdict should be for plaintiff as to this cause. Par. 9. The verdict of the coroner's jury as to the manner in which Mittelstadt came to his death is *prima facie* evidence that he committed suicide, but such verdict is not conclusive, and the actual manner in which he did meet his death may be inquired into by you and determined from a preponderance of the evidence before you, bearing in mind also the presumption of law hereinbefore called to your attention, with all the other facts and circumstances surrounding the manner of his death as shown by all the evidence before you bearing upon the question. Par. 10. If you find from a preponderance of all the evidence before you, as defined by these instructions, that said John E. Mittelstadt did not die from accidental means, but that he did die from the effects of a gunshot wound inflicted by his own hand, then your verdict should be for defendant; but, if you find from that evidence that he died from any other cause than suicide, then, but not otherwise, you will proceed to determine the other questions hereinafter called to your attention.

Complaint is made of these for the reason that the burden is thereby placed upon plaintiff of proving that the assured did not commit suicide. If the instructions did this, they would be erroneous; but we do not think that, when read as a whole, they do so. All the authorities which hold that such verdicts are admissible say that the verdict is *prima facie* evidence of the fact found. *Metzradt v. M. B. A.,* 112 Iowa, 522; *Pyle v. Pyle,* 158 Ill. 289 (41 N. E. 999); *U. S. Co. v. Kielgast,* 129 Ill. 557 (22 N. E. 467, 6 L. R. A. 65); *Walther v. Ins. Co.,*

65 Cal. 417 (4 Pac. 413); *U. S. Ins. Co. v. Vocke,* 129 Ill. 557 (22 N. E. 467, 6 L. R. A. 65); Elliott on Evidence, section 2390. The trial court so instructed in this case, and also told the jury that the burden on the whole case as to this issue was upon defendant. It cast no burden upon plaintiff save that it said the verdict of the coroner's jury was *prima facie* evidence of suicide. As against this, it told the jury to take into account the presumption against suicide and all the other facts in the case, and that upon the whole case the burden was upon defendant as to this issue.

The ninth instruction, against which the chief complaint is made, is not erroneous, when taken, as it should be, in connection with all the others relating to this subject. Conceding the admissibility in evidence of the coroner's verdict, we do not see how the trial court could have instructed otherwise than it did with reference thereto. This point is ruled by *Mutual Co. v. Hayward* (Tex. Civ. App.) 27 S. W. 36, and *Insurance Co. v. Vocke,* 129 Ill. 557 (22 N. E. 467, 6 L. R. A. 65).

Our conclusions upon this point are bottomed upon the assumption that the verdict was admissible in evidence, which proposition is conceded by plaintiff's counsel in argument. No other propositions relating to the defense of suicide are argued by counsel, and the other matters presented are not material, in view of our finding upon the issue thus presented.

No prejudicial error appears, and the judgment must be, and it is, *affirmed.*