EDWARD D. BELL, Appellee, v. BETTENDORF AXLE
COMPANY, Appellant.

**Master and servant:** NEGLIGENCE: SAFE PLACE TO WORK: EVIDENCE.
1  It is the duty of a manufacturing company to exercise reasonable care in making the floor of a building upon which to pile iron beams, whatever its character, suitable and safe for that purpose, so that when stacked thereon the pile will not fall and injure employees when piling or removing the same. In this case the evidence that the dirt floor upon which iron beams were piled was so loose and unstable as to cause the pile to settle and tip over causing plaintiff's injuries, is held to be sufficient to take the question of defendant's negligence in failing to furnish plaintiff a safe place to work to the jury.

**Same:** CONCURRENT NEGLIGENCE. Although the negligence of a fellow-servant may be concurrent with that of the master in failing to furnish the servant a safe place to work, such fact will not relieve the master from liability for his own negligence.

**Same:** PROXIMATE CAUSE. Where negligence of the master as shown by the proven circumstances is such that it might have been the proximate cause of a servant's injuries, a verdict for the servant will not be disturbed.

*Appeal from Scott District Court.*—HON. J. W. BOLLINGER,
Judge.

THURSDAY, MARCH 10, 1910.

ACTION at law to recover damages for personal injury. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*T. A. Murphy, Cook & Balluff*, and *A. G. Sampson*, for appellant.

*C. T. Cooper* and *M. J. Wade*, for appellee.

WEAVER, J.—The defendant company is a manufacturer of metal products, carrying on its business at Davenport, Iowa. The plaintiff entered its employment in August, 1906, and continued therein until his injury in February, 1907. His ordinary work was to operate a press in which metal beams and plates were squared and straightened. At times when the press was idle, he worked in the wagon department, or elsewhere, as directed. He was serving as one of the night shift, and on the night of February 10, 1907, the foreman directed him to go and assist in trucking metal "I-beams" from the place in the building where they had been piled or stored for that purpose to a punching machine operated by one Waters. These beams, weighing about two hundred and thiry pounds each, were piled in tiers, ten to fourteen in a tier, making a pile about waist high. The flange upon one side of each beam was straight, while the other had been shaped under powerful pressure in such manner that, when piled up one upon another, the pile tended to lean toward the shaped side. As a safeguard against a fall outward to the injury of workmen, they were ordinarily piled with the straight side out, making the pile slant back. To prevent too great a slant, bolts or pieces of steel were sometimes inserted between the beams on the lower side. The part of the room where the beams in question were stored, waiting until the punching press was ready to take them, had an earth floor. According to the theory of plaintiff, this floor was for the most part firm and hard, but at the place where plaintiff was injured it was of softer and more sandy substance. In pursuance of his work as a trucker on the night in question, he went with a fellow servant to a pile of beams from which the top one had previously been removed, and, lifting one, they placed it on the truck. Then, lifting the second, they were bending over in the act of depositing it on the truck, when the pile fell outward, striking the plain-

tiff and breaking his leg. This injury the plaintiff charges to the negligence of defendant in failing to furnish him a safe place to work. All other allegations of negligence were eliminated from the case by the court's charge to the jury. No exception appears to be taken to the instructions given to the jury, nor to any ruling upon the introduction of evidence, nor is the verdict claimed to be excessive if the plaintiff is found entitled to recover anything. The court, as we have already seen, limited the question of defendant's negligence to the single inquiry whether there was failure on its part to exercise reasonable care in furnishing plaintiff a safe place to work, and this issue was still further narrowed to the inquiry whether there was a defect in the floor or place on which the beams were piled, causing them to fall and injure the plaintiff without contributory negligence on his part. It follows, from this statement of the record, that, unless we can say as a matter of law there was no evidence to support a finding for plaintiff on this one question of fact, the verdict and judgment must stand.

Counsel's argument is very largely devoted to the proposition that, where the place furnished a servant to work is in itself reasonably safe, and danger subsequently arises from the manner in which he or his fellow servants perform their labor; or where the place was originally safe, and the danger arises in the progress of the work being done; or where the danger is one arising from the very nature of the service being performed, or from the negligent act or omission of a fellow servant—there is no liability upon the part of the master. Without stopping to indicate their limitations, the soundness of the rules here cited may be admitted. Indeed, the trial court instructed the jury in substantial accord with defendant's contention along this line; but the verdict of the jury negatives all the facts which would call for an application of the law on which counsel's argument is predicated.

That there was evidence of the alleged defective condition of the floor at this point and of its tendency to render unstable a pile of beams laid thereon is hardly open to dispute. It was shown by the testimony of the foreman, upon which there is no conflict, that the first requisite of a proper place for piling these beams "is to have a level place and a solid place" on which to lay them. The shape of the beams was such that, when laid flat upon soft or yielding ground, the sharp or thin edge of the flange would be pressed into the earth. If the foundation of the pile was hard and firm, and the beams were laid with the straight flange on the outside, the only natural tendency to fall would be back against the next tier, and therefore not ordinarily a source of danger. It is obvious, however, that, if the bottom beam was laid on ground that was not solid, the yielding of such foundation might very easily cause the pile to fall outward. True, the settling of the mass might be uniform and produce no visible effect upon its stability, but common observation of the perversity of inanimate things would lead one to expect a pile several feet in height. of comparatively narrow beams, laid one upon another on a foundation of that kind, to fall; and that such fall would as likely be to one side as to the other.

When the defendant built and prepared its shop for this kind of work and use, it was bound to exercise reasonable care that the floor, whether of earth or other material, on which the beams were to be piled while waiting their turn at the different machines by which they were converted into a finished product, was made suitable and safe for that purpose. If, instead of an earth floor, defendant had furnished one of plank laid on rotten or insufficient joists, by the giving way of which a pile of metal had been overturned upon plaintiff without fault on his part, defendant would hardly expect the court to

1. MASTER AND SERVANT: negligence: safe place to work: evidence.

acquit it of negligence as a matter of law. The duty to furnish a safe floor does not depend upon the kind of material of which it is composed. The evidence tends to support the plaintiff's theory that this floor was defective, and there was enough to go to the jury upon the question whether this defect caused or helped to bring about the injury.

It may be true, as suggested by counsel, that some of plaintiff's fellow servants were negligent in the manner of piling the beams, or in failing to put sheet iron or some other support under the bottom beam (a device which was sometimes employed); but this would not relieve the defendant from liability if its own negligence in the matter of the floor co-operated with the negligence of the fellow servant or servants to occasion the fall. Upon this point the court fully and correctly charged the jury.

2. SAME:
concurrent
negligence.

The only question left, and the only one in the case which affords any serious ground for debate, is that of proximate cause. It is often difficult to tell with certainty what sets in motion a given train of effects. As applied to cases of personal injury, if the negligence of the defendant be shown, and it be such that under the proved circumstances it might have been the efficient cause of the harm done, a verdict that it was so caused will not be disturbed. *Huggard v. Refining Co.*, 132 Iowa, 725; *Lunde v. Cuday Co.*, 139 Iowa, 701; *Brownfield v. Railroad Co.*, 107 Iowa, 258.

3. SAME:
proximate
cause.

Assuming, as we must, that the jury gave heed to the instructions of the court, it must have found that the floor of the shop at this place was defective; that but for such defect the beams would not have fallen, and plaintiff would not have been injured; and that he was guilty of no contributory negligence. These findings are not with-

out support in the record, and we find no reason for
disturbing the verdict.

The judgment of the district court is therefore *affirmed.*