PERRY LEHMAN, by JACOB LEHMAN, his Next Friend, v. THE MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY, Appellant.

**Railroads:** NEGLIGENCE: EXPERIMENTAL EVIDENCE. Experimental evidence is admissible where the conditions are shown to have been essentially similar. Thus where it was contended in an action for negligent operation of a handcar, that it was thrown from the track by a stick lying across one of the rails, rather than as a result of the negligence charged by plaintiff, it was proper to permit the testimony of a witness in rebuttal that he had run a handcar over iron obstructions of about the same dimension without derailment. The admission of such evidence however is largely a matter of discretion.

**Same:** INJURY TO SECTIONMAN: NEGLIGENCE: SUBMISSION OF ISSUES. In this action for injury to a section hand by being thrown from a handcar, the evidence is held to justify submission of the issues of the foreman's negligence in placing plaintiff in a dangerous position; in the use of a sail for propelling the car, in view of the condition of the track and velocity of the wind; and in failing to control the speed of the car by means of the brake.

**Same:** PROXIMATE CAUSE: EVIDENCE. Where an efficient cause of an accident is shown a presumption arises that it was produced in that manner, in the absence of a showing that it was otherwise produced, even though some independent agency may have contributed to the result. Thus where a sectionman was injured by the derailment of a handcar through the negligent use of a sail to propel the same, the jury was justified in finding such to be the cause of the accident although the presence of a stick upon one of the rails may have contributed thereto.

**Same:** EXCESSIVE DAMAGES. A verdict of $4,500, for permanent in-

4  jury to the limb of a sectionman 19 years of age, earning $1.40
per day, is held not excessive.

*Appeal from Hancock District Court.*—HON. J. J. CLARK,
Judge.

MONDAY, NOVEMBER 20, 1911.

ACTION to recover damages for personal injuries re-
ceived by plaintiff while in defendant's employ as a sec-
tionman, alleged to have been due to the negligence of the
section boss in charge of the operation of a hand car on
which plaintiff was riding, resulting in the derailment of
the car and injury to plaintiff.  The jury returned a ver-
dict for the plaintiff for $6,000.  On motion for a new
trial, in which various grounds of error were alleged, the
court gave the plaintiff the option of accepting a verdict
for $4,500, and, on the acquiescence of plaintiff in this
reduction, refused to set aside the verdict as thus modified.
The defendant appeals.—*Affirmed.*

*W. H. Bremner* and *J. E. Wichman* (*Geo. W. Seevers,*
of counsel), for appellant.

*Senneff & Bliss,* for appellee.

McCLAIN, J.—The facts relating to the nature and
extent of the accident resulting in the injury to the plain-
tiff, which the jury may have found as substantially sup-
ported by the evidence, were these:  Plaintiff, nineteen
years of age, under the direction of one Nelson as section
foreman, and with the assistance of another sectionman
named Willodson, started with a hand car from the car-
house at Britt, for the purpose of going in a southwesterly
direction on the track of defendant to his place of work.
A young lady, Miss Prince, who was teaching at a school-

house south of the town, accompanied them on the car by their assent. As a strong wind was blowing in the general direction in which they were to proceed, they had rigged up a sail upon the car, consisting of canvas attached at one side to a pole about eight or nine feet long, standing up from the car, the other edge being attached to another pole, controlled by a rope, by the loosening or tightening of which the speed of the car might be regulated. The perpendicular width of the canvas was about four feet, and it was placed about six feet above the car. The use of this sail obviated the necessity of working the handles of the car. After they had gone about six hundred feet, and at a place where the track was rough, the car, which had attained a speed of nearly twenty miles an hour, jumped from the track, and plaintiff was thrown off and injured. The grounds of negligence submitted to the jury were that the foreman placed the plaintiff in a position of danger; that he used a sail under improper conditions of the wind and track; that he failed, by the brake or other means, to control the speed of the car, and allowed it to run too fast under the circumstances; and that the track was negligently allowed to be in an unsafe condition for travel with a hand car. The jury was told that if any one of these grounds of negligence was shown to have existed, and to have resulted in injury to the plaintiff, without negligence on his part, he was entitled to recover.

I.   There was some evidence tending to show that the car was thrown off the track by a piece of wood about an inch or an inch and one-quarter in diameter, lying across

1. RAILROADS: negligence: experimental evidence.

or along one of the rails, and for the purpose of showing that such an obstruction on the rail would not have derailed the car, a witness was called for plaintiff in rebuttal to testify that he had, in operating hand cars, run over obstacles, such as the burrs of bolts, from an inch to an inch and one-quarter thick. He was then asked whether, under such circum-

stances, the car jumped the track, and this question was objected to, and, the objection being overruled, the witness answered that it did not. Error is assigned on this ruling, on the ground that the conditions were not so substantially similar as to render testimony of what had resulted when a car ran over a burr competent and material, as tending to show that this car was not thrown off the track by the piece of wood. Cases, relating to experiments made after the happening of an accident, are cited, in which it is said that evidence of such experiments is not competent, unless the conditions under which they are made are substantially similar in material respects to conditions under which the accident happened. We think there may be a material difference between testimony relating to what has happened in the experience of a competent witness under somewhat similar conditions, and testimony as to what happened in a prearranged experiment. However this may be, we think the conditions referred to by the witness were sufficiently similar to those existing at the time of the accident to justify the court, in the exercise of its discretion, in receiving the evidence.

The question raised by testimony tending to show that the car ran over a piece of wood simply involved the effect of an obstruction on the rail of about the same nature as the obstruction afforded by the burrs of bolts over which the witness said he had run cars without their being thrown from the track. Assuming the car to be operated in each case in a proper manner, the testimony would tend to show that a car would not be derailed by such an obstruction. Defendant was attempting to prove that the accident resulted from a piece of wood on the track, and not from any of the causes which plaintiff was seeking to impute to defendant as constituting negligence. It would certainly tend to show that the car was not necessarily derailed by the piece of wood, and the testimony of the witness that cars were not in his experience ever derailed

by such an obstruction would support plaintiff's case. *Heinmiller v. Winston,* 131 Iowa, 32; *Kimball v. Citizens' Gas & Elect. Co.,* 141 Iowa, 632; *Tackman v. Brotherhood,* 132 Iowa, 64; 1 Wigmore, Evidence, section 448. "The admission or exclusion of testimony of this nature is largely a matter of discretion, and, unless it appear that such discretion has been abused to the prejudice of the complaining party, the ruling will not be disturbed on appeal." *State v. Nowells,* 135 Iowa, 53. The cases relied upon for appellant, so far as they seem to have any material bearing on the question, are cases where the appellate court has sustained the action of the lower court in refusing evidence of this character. See *Osborne v. Simmerson,* 73 Iowa, 509; *Randolf v. Bloomfield,* 77 Iowa, 50; *Bach v. Iowa Central R. Co.,* 112 Iowa, 241; *Lake Erie & W. R. Co. v. Mugg,* 132 Ind. 168 (31 N. E. 564). We think the testimony was such as to justify the exercise of the discretion of the trial judge in receiving it.

II.   The question as to negligently placing plaintiff in a position of danger was properly submitted to the jury under the evidence; for it appeared that the two safest places on the car under the conditions of its operation with a sail were at the sides, between the handlebars, and that these two places were occupied by Willodson and Miss Prince. Nelson, the foreman, sat on one of the rear corners of the car, and after it started he directed plaintiff to get up in front; whereupon plaintiff took a position standing on the front of the car facing sidewise, and without support, save as he might touch the handle while it was moving up and down. It is not now contended that plaintiff was negligent in standing, and if the position which he took was one of danger, which he would not have been required to occupy, had not Miss Prince been taken as a passenger on the car, then the jury might well

2. SAME: injury to sectionman: negligence: submission of issues.

have found that Nelson was negligent in placing plaintiff in a dangerous position.

As to the sufficiency of the evidence to justify the submission to the jury of the issue as to the use of a sail under improper conditions of wind and track, the record shows that at the place where the hand car was derailed the track was rough, and that under the impulse of a very strong wind the car was going at a high rate of speed. The court did not leave it to the jury to say whether the use of a sail was, in itself negligence, but confined the issue to the propriety of its use under the conditions existing. We can not see that in submitting this question there was any error. It might very well be true that the use of a sail would not necessarily constitute negligence, but that its use in a strong wind, so as to cause the car to run at a high rate of speed over a rough track, was such negligence as to render the defendant liable for resulting injuries to the plaintiff. The testimony of witnesses tended to show that, while it was possible to control the speed of the car by slacking the rope of the sail, it was necessary to pay attention to the rope, and slacken it when the wind should hit the sail hard; and it is evident that this kind of a danger—that is, that the wind might strike the sail with so great force as to render the operation of the car in this method unsafe—was a danger which would not have been incident to the operation of the car in the ordinary manner.

The same considerations dispose of the contention that the court should not have submitted to the jury the question of negligence on the part of the foreman in failing to apply the brake, or by the use of other means controlling the speed of the car. The foreman was in control of the rope, and he was the only person who could have reached the brake. If the speed of the car should have been controlled, and could have been controlled by the foreman, then he

was negligent in not so controlling it, and the question was for the jury.

III. The sufficiency of the evidence to support the verdict is questioned for the appellant, on the ground, also, that, even conceding there was some evidence of negligence in each of the three respects above indicated, there was no evidence that the accident was the result of any such negligence. Counsel rely upon a number of cases in which this court has held that the burden is upon the plaintiff, in an action to recover for injuries due to the alleged negligence of the defendant, to show a causal connection between such alleged negligence and the injury, and that it is not sufficient to show that the negligence might have caused the injury, if the circumstances indicate an equal probability that it was due to some other cause. *Neal v. Chicago, R. I. & P. R. Co.*, 129 Iowa, 5; *O'Connor v. Chicago, R. I. & P. R. Co.*, 129 Iowa, 636; *Gibson v. Iowa Central R. Co.*, 136 Iowa, 415; *Tibbits v. Mason City & Ft. D. R. Co.*, 138 Iowa, 178. But in the case before us no other cause than the negligence of defendant is suggested, aside from the fact indicated by some of the evidence that there was a piece of wood on one of the rails; and, as already indicated, there was evidence tending to show that this cause alone would not account for the car leaving the track. "When a cause is shown which might produce an accident in a certain way, and an accident happens in that manner, it is a warrantable presumption, in the absence of showing of other cause, that the one known was the operative agency in bringing about the result." *Brownfield v. Chicago, R. I. & P. R. Co.*, 107 Iowa, 254. "When a probable potential cause is shown, which may be identified as the proximate cause, and made to answer the legal definition of proximate cause by inferences of fact from direct or circumstantial evidence before the jury, the latter may identify this as proximate cause, although strict logic might

3. SAME: proximate cause: evidence.

discover other causes which the jury might from the same evidence have found to be the proximate cause. In other words, what is the proximate cause of an injury is usually and ordinarily a question of fact, and probative inferences from facts in evidence can not be disposed of by styling them conjectures." *Gould v. Merill Ry. & Lighting Co.,* 139 Wis. 433 (121 N. W. 161). To the same effect and quite pertinent to this discussion, are the following cases: *Gordon v. Chicago, R. I. & P. R. Co.,* 146 Iowa, 588; *Mittelstadt v. Modern Woodmen,* 143 Iowa, 186; *Bell v. Bettendorf Axle Co.,* 146 Iowa, 337; *Huggard v. Glucose Sugar Refining Co.,* 132 Iowa, 724; *Lunde v. Cudahy Packing Co.,* 139 Iowa, 688; *Griffin v. Boston & A. R. Co.,* 148 Mass. 143 (19 N. E. 166, 1 L. R. A. 698, 12 Am. St. Rep. 526).

The evidence tended to show that the force of the wind operating on a sail would be likely to lift the rear wheels of the car from the track; whereas the position of this car after it left the track seemed to indicate that the front wheels had first jumped from the rails. But we do not regard the evidence as at all conclusive that if the use of the sail under improper conditions occasioned the car to leave the track, the rear wheels of the car would first be thrown off. The result might well have been effected by the condition of the track and the obstruction afforded by the piece of wood. Under the circumstances of the case, it is not therefore conclusive that the negligent operation of the car did not cause the accident. Even though the obstruction of the piece of wood may have contributed to the resulting accident, and caused the front wheels of the car to first leave the rails, nevertheless the negligent operation of the car may have been a condition without which the result would not have happened; if so, the defendant is liable. *Gould v. Schermer,* 101 Iowa, 582.

IV. The damages allowed by the jury and approved by the court to the extent of permitting a verdict to stand

for $4,500 were not, we think, excessive, in view of the
nature of plaintiff's injury. He suffered a
fracture in the upper part of the right
femur, and after the bone had been set the right leg was
at least an inch and a half shorter than the other. This
was the condition at the time of the trial. The testimony
of the physicians showed that, although in time the dis-
crepancy in length between his two legs would become
less, by reason of the dipping down of the hip on the
right side, plaintiff will be permanently lame, and to some
extent incapacitated for some kinds of physical labor. At
the time of the injury he was earning $1.40 per day,
was nineteen years of age, and had an expectancy of forty-
three years. Under these circumstances, we are not dis-
posed to interfere with the exercise of discretion by the
trial court in fixing the amount of recovery at $4,500.
Substantially equivalent or greater allowances of damages
in cases of similar permanent injuries have been sustained
in this court. See, by way of illustration, the following
cases: *Collins v. Council Bluffs,* 35 Iowa, 432; *Van Win-
ter v. Henry County,* 61 Iowa, 684; *Sprague v. Atlee,* 81
Iowa, 1; *Grannis v. Chicago, St. P. & K. C. R. Co.,* 81
Iowa, 444; *Kroener v. Chicago, M. & St. P. R. R. Co.,*
88 Iowa, 16; *Bryant v. Omaha & C. B. R. & B. Co.,* 98
Iowa, 483; *Harker v. Burlington, C. R. & N. R. Co.,* 88
Iowa, 409. We think we would not be justified, therefore,
in requiring a further remission on the part of the plaintiff.

Finding no error in the record, the judgment is *af-
firmed.*

*4. SAME: exces-
sive damages.*